**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01886

HARRY LEVENTHAL

    Plaintiff,

v.

ROARING FORK CLUB, LLC

    Defendant.

## COMPLAINT AND JURY DEMAND

**NOW COMES** HARRY LEVENTHAL, hereinafter called "Mr. Leventhal," complaining of and about Defendant Roaring Fork Club, LLC, hereinafter called "Roaring Fork," and for cause of action shows unto the Court the following:

### PARTIES

1.     Mr. Leventhal is a citizen of the United States and the State of Texas and currently resides in Tarrant County, Texas.

2.     Roaring Fork is a Colorado limited liability company and may be served pursuant to the Federal Rules of Civil Procedure 4(h)(1)(B) by serving Geoff Hasley, its registered agent, at 100 Arbaney Ranch Road, Basalt, Colorado 81621.

### JURISDICTION

3.     The subject matter in controversy is within the jurisdictional limits of this court. The

amount in controversy in this civil action is at least $500,000.00, which is more than the $75,000.00 minimum required under federal law.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), among other bases.

5. This Court has jurisdiction over the parties because the acts giving rise to this lawsuit occurred in Colorado.

6. Diversity of citizenship exists such that jurisdiction in this Court is proper, as Mr. Leventhal is not a citizen of the same state as Roaring Fork.

7. Venue in the District of Colorado is proper in this cause as Roaring Fork maintains a location in Basalt, Colorado and, therefore, venue is proper in this Court because, among other reasons, this civil action is brought in "a judicial district which any defendant resides" and "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2).

## NATURE OF ACTION

8. This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq., as amended by the Civil Rights Act of 1991 and C.R.S. §§ 24-34-401, et seq., as amended, to correct unlawful employment practices on the basis of age. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. § 1367(a) because they arise out of the same case or controversy.

## CONDITIONS PRECEDENT

9. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Colorado Civil Rights Division, which was automatically

cross-filed with the Equal Employment Opportunity Commission, within 300 days of the acts complained of herein and Mr. Leventhal's Complaint is filed within ninety days of Mr. Leventhal's receipt of the Colorado Civil Rights Division's issuance of a right to sue letter.

## FACTS

10. Mr. Leventhal received an MBA in accounting from North Texas State University and is a licensed CPA. Prior to being hired by Roaring Fork, Mr. Leventhal had thirty-two years of Controller and/or CFO experience in private clubs like Roaring Fork.

11. Roaring Fork hired Mr. Leventhal on March 12, 2018, as CFO/Controller for Roaring Fork. Mr. Leventhal's tenure was to be a three-year stint, as shortly after Mr. Leventhal reached the age of 70, the Assistant Controller would transition to the CFO position, and Mr. Leventhal would then retire. Mr. Leventhal left a well-paying job, not to mention his family, in reliance on the three-year promise by Roaring Fork.

12. During Mr. Leventhal's tenure as CFO/Controller of Roaring Fork, there were no issues relayed to him regarding his performance, he received no warnings, and Mr. Leventhal was not disciplined regarding any transgression or violation of company policy. In fact, on September 14, 2018, Roaring Fork paid Mr. Leventhal a $999.00 bonus, and Mr. Hasley, General Manager and COO of Roaring Fork, sent Mr. Leventhal a separate note, stating "You stepped into a difficult transition period and have done a fine job."

13. The only matter brought to Mr. Leventhal's attention was by Natalyn Cumings, Roaring Fork's Human Resources Manager, in late July of 2018. In Mr. Leventhal's first and only meeting about this matter with her, Ms. Cumings mentioned that two or three Directors allegedly

complained that Mr. Leventhal had been spending too much time in their offices. Mr. Leventhal asked for details, but Ms. Cumings did not provide any. To Mr. Leventhal, the comments Ms. Cumings made were curious since the Directors were officed in a separate building and Mr. Leventhal did not see them on a regular basis. Separately, Ms. Cumings, in her job as HR Manager, also failed to advise Mr. Leventhal of two significant health/deduction benefits to which he was entitled until well into his fifth month of employment.

14. In August of 2018, the first Assistant Controller who had been hired at the same time as Mr. Leventhal moved to Maryland, and Mr. Leventhal hired Marie Bailey, who would be named to Mr. Leventhal's position upon his retirement in 2021. Mr. Leventhal worked well with Ms. Bailey, and all operations continued with no issues, until June of 2019.

15. On June 12, 2018, Mr. Leventhal was to attend a meeting with all the Directors and Mr. Hasley. Mr. Leventhal was late to the meeting because his transportation provided by Roaring Fork was late to pick him up. Mr. Simmons, a Director at Roaring Fork, was responsible for that transportation, among his other duties. Mr. Leventhal asked Mr. Simmons what happened to the cart (his transportation) during the meeting, Mr. Hasley told him to stop that line of inquiry. Mr. Leventhal did.

16. On June 14, 2019, Mr. Hasley came to Mr. Leventhal's office and advised that two or three Directors of Roaring Fork were having an issue with Mr. Leventhal. This was almost word-for-word what Ms. Cumings had said nearly a year earlier, and again no details were provided. Mr. Hasley advised that the transition to Ms. Bailey in Mr. Leventhal's position would begin. Ms. Bailey is seventeen (17) years younger than Mr. Leventhal.

2268069_1

17. At that time, Mr. Leventhal was scheduled for a week of CPE Education in Dallas, Texas, and, before he left, an email was sent out announcing Ms. Bailey would be the new CFO and Mr. Leventhal would discuss a transition plan upon his return from CPE education. Mr. Leventhal was scheduled to return on June 24, 2019.

18. Mr. Leventhal assumed the transition to Ms. Bailey would take place over a significant period of time. Instead, while Mr. Leventhal was at his CPE in Dallas, Mr. Hasley called him and told Mr. Leventhal it was determined Mr. Leventhal now had no value to the Roaring Fork and his last day of employment would be June 28, 2019.

19. Mr. Leventhal subsequently learned that a second email had been sent out by Roaring Fork to external contacts such as banks and a prominent accounting firm, detailing the change and congratulating Mr. Leventhal on his "retirement."

20. On June 25, 2019, Mr. Hasley came to Mr. Leventhal's office, and Mr. Leventhal asked about the retirement email. Mr. Hasley stated he used the word "retirement" so Mr. Leventhal could "save face." In other words, Mr. Leventhal's employment was being terminated.

21. The true reason Roaring Fork terminated Mr. Leventhal was based on Mr. Leventhal's age.

22. Further, of the six employees terminated in 2019 by Roaring Fork (including Mr. Leventhal), five of the six were in the age-protected class: Pamela True (63), Isaias Briones (47), Robert Bernat (55), Leanne Acuff (60), and Mr. Leventhal (68).

**AGE DISCRIMINATION**

23. Mr. Leventhal incorporates by reference its allegations contained in paragraphs one

through twenty-two of this Complaint as if fully set forth therein.

24.     Roaring Fork intentionally engaged in unlawful employment practices involving Mr. Leventhal because of his age.  At all material times Mr. Leventhal was 68 years of age. He was qualified for his position. He was terminated and subsequently replaced by someone younger.

25.     Roaring Fork discriminated against Mr. Leventhal in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Mr. Leventhal in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Mr. Leventhal's age in violation of the Age Discrimination in Employment Act.

26.     Mr. Leventhal alleges that Roaring Fork willfully violated the protected rights of Mr. Leventhal because of his age.

## DAMAGES

27.     Mr. Leventhal has sustained the following damages as a result of the actions and/or omissions of Roaring Fork described hereinabove:

   a.   At least $500,000.00;

   b.   All reasonable and necessary attorneys' fees incurred by or on behalf of Mr. Leventhal;

   c.   Back pay from the date that Mr. Leventhal was denied equal pay for equal work and interest on the back pay in an amount to compensate Mr. Leventhal as the Court deems equitable and just;

   d.   All reasonable and necessary costs incurred in connection with this civil

     action;

  e. Front pay in an amount the Court deems equitable and just to make Mr. Leventhal whole;

  f. Inconvenience;

  g. Interest;

  h. Loss of earnings in the past;

  i. Loss of earning capacity which will, in all probability, be incurred in the future; and

  j. Loss of benefits.

## EXEMPLARY DAMAGES

28. Mr. Leventhal reserves the right to seek exemplary damages.

## SPECIFIC RELIEF

29. Mr. Leventhal seeks the following specific relief which arises out of the actions and/or omissions of Roaring Fork described hereinabove:

  a. Rehire Mr. Leventhal; and

  b. Reinstate Mr. Leventhal to the position and pay grade which Mr. Leventhal held but for the unlawful employment actions of Roaring Fork.

## JURY DEMAND

30. Mr. Leventhal demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Mr. Leventhal, respectfully prays that

2268069_1

Roaring Fork be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Mr. Leventhal against Roaring Fork for damages in an amount within the jurisdictional limits of the Court; liquidated damages, together with interest as allowed by law; costs of court; and such other and further relief to which Mr. Leventhal may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICES OF DAVID BELL, P.C.

By: */s/ David Bell*
David Bell
8350 Meadow Road, Suite 186
Dallas, Texas  75231
Tel. (214)368-3191
Fax. (214)987-3169
E-mail: dbell@davidbellpc.com


GARFIELD & HECHT, P.C.

By: */s/ Christopher D. Bryan*
Christopher D. Bryan
625 East Hyman Avenue, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-1936
E-mail: cbryan@garfieldhecht.com

*Attorneys for Plaintiff*

2268069_1